IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISRAEL JACOB TORRES, | ) | |
|     Plaintiff | ) | C.A. No. 13-1522 Pittsburgh |
| | ) | |
| v. | ) | District Judge Bissoon |
| | ) | Magistrate Judge Baxter |
| J.D. HALLEY, | ) | |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

### II. REPORT

#### A. Relevant Procedural History

Plaintiff initiated this *pro* se civil rights action on October 21, 2013, by filing a complaint accompanied by a motion to proceed *in forma pauperis*, which was granted by this Court on October 23, 2013. After service was effectuated, Defendants filed an answer to Plaintiff's complaint on January 6, 2014 [ECF No. 11]. This Court then held a telephonic status conference at which both Plaintiff and Defendants' counsel appeared, and a discovery deadline was set for April 30, 2014 [ECF No 12].

Defendants have since filed a motion to dismiss action for Plaintiff's failure to prosecute [ECF No. 13], indicating that Plaintiff failed to appear for his own deposition that was scheduled to be held on April 15, 2014, by virtue of a Notice of Deposition dated March 31, 2014, that was

sent to Plaintiff by both certified and regular mail. (ECF No. 13, at ¶¶ 5-7). Moreover, Defendants assert that Plaintiff has failed to provide an explanation for his failure to appear and has not attempted to reschedule. (Id. at ¶ 11). In addition, despite having had ample time to respond to Defendants' motion, Plaintiff has failed to do so.

## II.  DISCUSSION

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by *the* failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court finds that dismissal of this matter is warranted. Plaintiff has failed to comply with this Court's Order discovery scheduling order and has failed to appear at his deposition, without notice or explanation. Furthermore, Plaintiff has a history of dilatoriness, as evidenced by the recent dismissal of his civil case, Torres v. Robinson, 11-cv-161, for failure to appear at his civil trial. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceedings.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge